IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BEN GARY TRIESTMAN,

        Petitioner,

v.                                         Civil Action No.
                                              1:16-CV-1079 (TJM/DEP)

ERIC SCHNEIDERMAN, *Attorney General, State of New York*,

        Respondent.

---

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF:

BEN GARY TRIESTMAN, *Pro se*
28 Garrison Rd.
Shady, NY 12409

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     This is a proceeding commenced by petitioner Ben Gary Triestman, who seeks to invoke this court's habeas jurisdiction to review orders of protection issued by a New York State Family Court judge. The matter has

been forwarded to me for initial review. Because the petitioner cannot satisfy the "in custody" requirement necessary to support a habeas petition under 28 U.S.C. §§ 2241, 2254, this court lacks subject matter jurisdiction over his claims. Accordingly, I recommend that the petition in this matter be dismissed.[1]

I. BACKGROUND

Petitioner and Suzanne Mary Cayley are the unwed parents of a child, A.T., who was born in December 2003. Dkt. No. 1 at 13; Dkt. No. 1-1 at 15. When the relationship between the parents ended in 2010, Cayley became the child's primary caretaker. Dkt. No. 1 at 13-14; Dkt. No. 1-1 at 15. Following termination of the union, Cayley and A.T. continued to reside near petitioner in Woodstock, New York. Dkt. No. 1 at 13.

In 2013, following the issuance of a temporary no-contact order against petitioner and in favor of A.T., petitioner and Cayley filed cross-petitions in Ulster County Family Court for custody of the child. Dkt. No. 1-1 at 15. During the course of the Family Court proceedings, a temporary order of visitation was issued on January 2, 2014, permitting

---

[1] Although petitioner has paid the required $5.00 filing fee and has not sought leave to proceed *in forma pauperis*, the court may nonetheless dismiss the petition *sua sponte* for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

petitioner to engage in therapeutic visitation of A.T. *Id.* at 16, 39-40; *see also* Dkt. No. 1 at 13-14.

Precipitated by an incident that occurred at A.T.'s school in December 2014, her mother applied for and obtained from Ulster County Family Court a temporary order of protection entered on January 22, 2015 in favor of A.T. and against petitioner. Dkt. No. 1 at 14-15; Dkt. No. 1-1 at 2-3, 15. Petitioner appealed that order to the New York State Supreme Court Appellate Division, Third Department. Dkt. No. 1 at 9; Dkt. No. 1-1 at 12-14. The appeal was dismissed by order entered on April 7, 2016, based upon the court's finding that the Ulster County Family Court order was not final, and therefore was non-appealable. Dkt. No. 1-1 at 15-16. A subsequent petition for leave to appeal to the New York State Court of Appeals was denied on June 30, 2016. Dkt. No. 1 at 9; Dkt. No. 1-1 at 26.

Since the issuance of the temporary order on January 22, 2015, the Ulster County Family Court has entered a series of additional, similar orders of protection, including on August 17, 2015 (temporary order of protection), February 1, 2016 (temporary order of protection and order of protection), and May 13, 2016 (order of protection), all of which restrict petitioner's contact with A.T. *See* Dkt. No. 1-1 at 4-11. The most recent of those orders will expire on April 11, 2018. Dkt. No. 1-1 at 11.

## II. PROCEDURAL HISTORY

Petitioner commenced this proceeding on September 2, 2016, and has paid the required filing fee of $5.00. Dkt. No. 1. Named as the respondent in the matter is Eric Schneiderman, the Attorney General of the State of New York. *Id.* The petition raises four claims, arguing that (1) the New York Family Court Act, Article 6, section 154, providing for the issuance of orders of protection in connection with visitation and custody proceedings, is unconstitutional; (2) the policy of denying the right to appeal temporary orders of protection is unconstitutional; (3) petitioner's due process rights were violated by the Ulster County Family Court's failure to render factual findings supporting the issuance of the challenged orders of protection; and (4) the issuance of the orders of protection violated substantive due process and the federal parental privilege. *Id.* at 16-22. As relief, petitioner requests that the court (1) vacate the orders of protection issued by Ulster County Family Court; (2) issue an order providing for "unsupervised, substantial and equal access of Petitioner to his child, or other equivalent relief;" (3) declare that New York Family Court Act, Article 6, section 154, is unconstitutional; and (4) declare unconstitutional the New York State appellate court policy of denying appeals of temporary orders of protection. *Id.* at 27.

III.  DISCUSSION

   A.  In-Custody Requirement of 28 U.S.C. §§ 2241, 2254

Section 2241 empowers district courts to grant writs of habeas corpus, *inter alia*, to persons who are "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Razzoli v. United States Parole Comm'n*, 116 F. App'x 292, 293 (2d Cir. 2004) ("A prerequisite to maintaining a petition for a writ of habeas corpus under [section] 2241 is that the petitioner is 'in custody' or 'detained.'"). Additionally, in relevant part, section 2254 similarly provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the Unites States." 28 U.S.C. § 2254(a); *see Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) ("Section 2254 allows a federal court to entertain a habeas corpus petition for relief from a state-court judgment only on the ground that the petitioner is *in custody* in violation of the Constitution . . . . This provision requires that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." (quotation marks and alterations omitted) (emphasis in original)).

The in-custody requirement of sections 2241 and 2254 was discussed by the Supreme Court in its decision in *Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara Cnty., State of Calif.*, 411 U.S. 345 (1973). The petitioner in that case was convicted of a misdemeanor under California law and sentenced to serve one year of incarceration and pay a fine. *Hensley*, 411 U.S. at 346. Petitioner's appeals and collateral challenges to the conviction were unsuccessful. *Id.* Petitioner, however, was released on his own recognizance pending sentencing, and remained at large pursuant to a trial court order staying the execution of his sentence. *Id.* at 346-47. Addressing the custody requirement, the Court noted the following:

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Id.* at 351.

While petitioner likens his situation to that faced by the petitioner in *Hensley*, Dkt. No. 1 at 11, in reality, there are few similarities. In concluding

6

that the petitioner in *Hensley* was "in custody" for the purposes of sections 2241 and 2254, the Court noted the following:

> He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense. The restraint on his liberty is surely no less severe than the conditions imposed on the unattached reserve officer whom we held to 'in custody' in *Strait v. Laird*, [406 U.S. 341 (1972)].

*Hensley*, 411 U.S at 351. The Court further commented that the petitioner in that case remained at large only due to a court-ordered stay and that the State "has emphatically indicated its determination to put him behind bars, and the State has taken every possible step to secure that result." *Id.*

Having carefully reviewed the matter, I conclude that petitioner cannot satisfy the in-custody requirement necessary for him to pursue claims under sections 2241 and 2254. The order of protection at issue in this case restricts only petitioner's access to his child. His contention that he may inadvertently come into contact with his child and, therefore, subject himself to potential incarceration is entirely too speculative to support a finding that he is currently in custody. Accordingly, I recommend that his petition be dismissed. *See Moore-Beidl v. Beaudoin*, 553 F. Supp. 404, 406-07 (N.D.N.Y. 1981) (Munson, J.) ("Plaintiff's habeas petition seeks to release

both the plaintiff, Mary Carol[,] and her son from the 'custody' of the County Department of Social Services. The plaintiff Mary Carol may not invoke the procedural safeguards of 28 U.S.C. §§ 2241, 2254, for she is not in 'custody.' She alleges no restraints upon her person other than the fact that she is forc[i]bly being prevented from being together with her youngest son, Joseph. She is otherwise unrestricted by the County Department of Social Services, hence the habeas petition is hereby dismissed with respect to the plaintiff, Mary Carol."), *aff'd without opinion*, 697 F.2d 294 (2d Cir. 1982); *cf. Gilmore v. Green Cnty. Dep't of Soc. Servs.,* No. 06-CV-0318, 2006 WL 1064181 (N.D.N.Y. Apr. 20, 2006) (Mordue, J.) (dismissing habeas petition challenging a Greene County Family Court's determination of permanent neglect resulting in the petitioner's parental rights being terminated based upon the failure to meet the "in-custody" requirement of 28 U.S.C. § 2254).

B. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a petition filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (applying Rule 15(a) of the Federal

Rules of Civil Procedure to motions to amend habeas petitions). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, permitting petitioner an opportunity to amend would be futile because the deficiencies identified above with respect to his habeas petition are substantive in nature, and better pleading would not cure them. In addition, any attempt to amend his petition to assert a civil rights violation, pursuant to 42 U.S.C. § 1983, would also fail for two reasons. First, the claim would squarely implicate the *Rooker-Feldman* doctrine, which relates to "lack of subject matter jurisdiction, and may be raised at any time by either party or sua sponte by the court." *Moccio v. N.Y.S. Office of Court*

*Admin.,* 95 F.3d 195, 198 (2d Cir. 1996) (citations omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced."[2] *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (citation omitted). In this case, the requirements for application of *Rooker-Feldman* would be satisfied and would preclude this court from reviewing the orders of protection issued in Ulster County Family Court, even in the context of a section 1983 action.

The second issue that would be implicated by a claim brought under section 1983 in the circumstances now presented would be based on the steadfast refusal of federal courts to become involved in domestic disputes.

---

[2] The preclusion of *Rooker-Feldman* "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court]." *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002). In other words, district courts do not have jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

As the Supreme Court noted more than a century ago, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). This deference to state law has given rise to a recognized "domestic relations" exception, which deprives federal courts of the power to review, for example, child custody, divorce, alimony, and child custody decrees. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004). District courts in this circuit have extended the exception to civil rights actions challenging the results of domestic relations proceedings. *See, e.g., Martinez v. Cannataro*, No. 13-CV-3392, 2013 WL 5409205, at *2 (E.D.N.Y. Feb. 25, 2013) (citing cases).

In sum, it is clear that any attempt by Triestman to amend his habeas petition or convert the petition into a civil rights complaint challenging the orders of protection would be futile. For this reason, I recommend against permitting petitioner an opportunity to file an amended petition.

IV. <u>SUMMARY AND RECOMMENDATION</u>

The petition in this matter, though well drafted and supported by attachments that are well organized and indexed, fails to establish that petitioner can meet the "in custody" requirement for a habeas proceeding under 28 U.S.C. §§ 2241 and/or 2254. Moreover, it appears that granting

petitioner leave to amend would be futile; any civil rights claim that may be brought based upon the circumstances set forth in his petition would be precluded by the *Rooker-Feldman* doctrine and the domestic relations exception to federal court jurisdiction. Accordingly, it is hereby respectfully

RECOMMENDED that the petition in this matter (Dkt. No. 1) be DISMISSED for lack of jurisdiction without leave to amend.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: September 20, 2016
Syracuse, NY