UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

BEN GARY TRIESTMAN

                        Petitioner,

     -against-                                           1:16-CV-01079 (LEK/DEP)

ERIC SCHNEIDERMAN,

                        Respondent.

<u>**DECISION AND ORDER**</u>

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on September 20, 2016, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 2 ("Report-Recommendation"). Pro se Plaintiff Ben Gary Triestman timely filed Objections. Dkt. No. 3 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.   DISCUSSION

Triestman objects to the Report-Recommendation's finding that he "cannot satisfy the in-custody requirement necessary for him to pursue [federal habeas] claims under [18 U.S.C. §§] 2241 and 2254." Rep.-Rec. at 7. Judge Peebles found that the order of protection issued against Triestman "restricts only [his] access to his child," and therefore does not place him in custody for purposes of §§ 2241 and 2254. Id. Judge Peebles also rejected as "speculative"[1] Triestman's "contention that he may inadvertently come into contact with his child and, therefore, subject himself to potential incarceration." Id.

In his Objections, Triestman vividly illustrates the constraints on his liberty allegedly created by the order of protection requiring him to stay away from his daughter. Woodstock, New York, where he and his daughter live, is a small town, and so "[i]f [he] is shopping for groceries, with a full cart, perhaps ready or in the middle of checkout, [and] the child comes into the market, [he] must leave all his groceries where they are and exit the market." Objs. at 10. "If [he]

---

[1] Triestman argues that Judge Peebles erred in finding the allegations in the Petition to be speculative. Triestman notes that courts must accept as true any factual allegations contained in pleadings. Objs. at 16. This argument is moot because in addressing Triestman's objection below, the Court takes as true Triestman's allegations concerning the effects on his liberty of the order of protection.

has a dinner date with someone, and the child enters the same restaurant, [he] must abandon the companion immediately and leave the restaurant, not even having the opportunity to pay for the meal, or time to explain why he must leave." Id. at 8. Triestman offers up several other scenarios in which his freedom of movement is compromised by the order of protection. The upshot of these examples, according to Triestman, is that "[t]his is the classic circumstance and condition that is anticipated and described in . . . case law regarding constraints of liberty [for purposes of federal habeas relief]." Id. at 10.

      Habeas petitioners seeking to challenge state court rulings on domestic relations typically argue that their children are in the custody of the state because, for example, they are in foster care. E.g., Davis v. Baldwin, No. 12-CV-6422, 2013 WL 6877560, at *6 (S.D.N.Y. Dec. 31, 2013). Courts have uniformly rejected this argument. Id. (citing Lehman v. Lycoming Cty. Children's Servs. Agency, 468 U.S. 502, 510–12 (1982)). Triestman takes pains to point out that this is not his argument. Objs. at 1–2. Instead, Triestman claims that *he* is in custody because of the restraints on his liberty caused by the order of protection forbidding him from seeing his daughter. Id. Triestman argues that the two cases cited by Judge Peebles to support the conclusion that he is not in custody are inapposite because the petitioners there were arguing only that their children were in custody. Objs. at 6. Triestman is wrong about this. In Moore-Beidl v. Beaudoin, 553 F. Supp. 404, 406 (N.D.N.Y. 1981), one of the cases cited by Judge Peebles, the court noted that "[p]laintiff's habeas petition seeks to release both the plaintiff, Mary Carol[,] and her son from the 'custody' of the County Department of Social Services." Judge Peebles also cited Gilmore v. Greene Cty. Dep't of Soc. Servs., No. 06-CV-318, 2006 WL 1064181, at *1 (N.D.N.Y. Apr. 20, 2006), in which the court held that the petitioner, who sought to challenge

3

the termination of his parental rights, was "not being held in custody pursuant to any . . . determination by the Family Court." These two cases involve petitioners who appear to have argued that they were in custody. However, because these cases do not clearly explain why the restraints imposed on persons such as Triestman do not constitute custody for purposes of federal habeas relief, the Court will do so now.

A federal court lacks jurisdiction over a habeas petition unless the petitioner is "in custody pursuant to the judgment of a State court" when she files her petition. 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c). "[B]esides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." Jones v. Cunningham, 371 U.S. 236, 240 (1963). "The Jones Court found jurisdiction where an individual was released from imprisonment on parole subject to explicit conditions—for example, regular reporting to his parole officer; remaining in a particular community, residence, and job; and refraining from certain activities." Nowakowski v. New York, No. 14-1964, 2016 WL 4487985, at *3 (2d Cir. Aug. 26, 2016) (citing 371 U.S. at 242). Courts faced with the question whether a petitioner is in custody must "judge the 'severity' of an actual or potential restraint on liberty." Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 894 (2d Cir. 1996). "[C]ourts have considered even restraints on liberty that might appear . . . less burdensome than probation or supervised release severe enough because they required petitioners to appear in certain places at certain times . . . or exposed them to future adverse consequences on discretion of the supervising court." Nowakowski, 2016 WL 4487985, at *4.

Triestman appears to argue that because the general public does not share the restraints imposed on him as a result of the order of protection, he is in custody for purposes of §§ 2241 and 2254. The Court finds it plausible that Triestman does suffer some limitation on his freedom of movement because of the order of protection. This restriction is not experienced by people not subject to orders of protection. Further, Jones does speak of "restraints not shared by the public generally." 371 U.S. at 240. But it is misleading to suggest that this language alone defines the contours of the custody requirement. Nowakowski collects cases from several circuits in which courts have "recognized that a variety of nonconfinement restraints on liberty satisfy the custodial requirement." 2016 WL 4487985, at *3. What these cases have in common is that, like Nowakowski itself, they involve restrictions that "require [the petitioner's] physical presence at particular times and locations . . . and carry with them the potential for future adverse consequences during the term of the sentence." Id. at *4. For example, in Barry v. Bergen Cty. Prob. Dep't, 128 F.3d 152, 161 (3d Cir. 1997), the court held that the petitioner was in custody because he was "ordered to perform 500 hours of community service under the direction of the Morris County Community Service Program."

In this case, Triestman is not required to be at a "particular place" at any time. Nowakowski, 2016 WL 4487985, at *4. He must stay away from his daughter, so in a sense he always has to be where she is not. But the requirement that he avoid his daughter is far less intrusive than the requirement that someone appear at a particular location at a particular time. For example, someone who must appear in court is required to be there at a specified time. She has only one real choice as to how she spends the time allotted for her court appearance, because if she fails to show up, she may face serious consequences. But Triestman can go anywhere he

likes at any time so long as he avoids his daughter. The range of options available to him on a given day is therefore much greater than that open to someone who must appear in court that day. Moreover, Triestman can significantly reduce the "constraint of being forced to avoid a moving target" by coordinating with the mother of his child to ensure that their daughter's schedule does not overlap with his. Objs. at 14.[2]

"The custody requirement is simply designed to limit the availability of habeas review 'to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.'" Poodry, 85 F.3d at 894 (quoting Hensley v. Mun. Court, 411 U.S. 345, 351 (1973)). The reason for caution in this area of the law is that "habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism." Hensley, 411 U.S. at 351. If the Court were to find that Triestman is in custody simply because of the order of protection, then anyone who is subject to such an order, and who lives near the person from whom she must stay away, could seek habeas relief in federal court. That would represent a significant expansion in the scope of federal habeas review. See Meyer v. Drell, 10 F. App'x 741, 743 (10th Cir. 2001) ("Petitioner alleges that the state-court decisions regarding the custody of [his child], supervised visitation, and petitioner's parental status, violate his constitutional rights. . . . [P]rinciples of comity . . . prevent us from entertaining petitioner's habeas petition . . . ."). The Court is reluctant to undertake such an expansion absent a compelling showing that Triestman's condition involves restraints significant

---

[2] The Court does not hold that an order of protection can never place someone subject to it in custody. Instead, the Court rests its decision in this case on the facts alleged in Triestman's Petition and Objections, which fail to rise to the level of severity required to state a cognizable habeas claim.

enough to constitute custody. Since Triestman has failed to make this showing, the Court agrees with Judge Peebles's conclusion that Triestman is not in custody for purposes of §§ 2241 and 2254.

The Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

### IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 2) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Petitioner's Petition for a Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED without leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 19, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge