16-3831
Triestman v. Schneiderman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand eighteen.

PRESENT:
   ROSEMARY S. POOLER,
   REENA RAGGI,
   CHRISTOPHER F. DRONEY,
     *Circuit Judges.*
_____

**Ben Gary Triestman,**

   *Petitioner-Appellant*,

  v.                    16-3831

**Eric T. Schneiderman, Attorney General, The State of New York,**

   *Respondent-Appellee*.
_____

FOR PETITIONER-APPELLANT:  Ben Gary Triestman, Shady, N.Y.

FOR RESPONDENT-APPELLEE:  Lisa Ellen Fleischmann, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, Attorney General, State of New York, New York, N.Y.

33    Appeal from the United States District Court for the Northern District of New York

34    (Kahn, *J.*; Peebles, *M.J.*).

35    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

36    **DECREED** that the judgment of the district court is **AFFIRMED**.

37    Appellant Ben Gary Triestman, proceeding pro se, appeals the October 19, 2016

38    judgment of the district court (Kahn, *J.*) dismissing his habeas petition filed pursuant to 28

39    U.S.C. §§ 2241 and 2254. In his petition, Triestman challenges a state family court order of

40    protection, which requires him to stay away from his daughter and refrain from communicating

41    with her, except for therapeutic visitations. The district court dismissed the petition on the

42    ground that the order's restrictions on Triestman's access to his daughter did not render him "in

43    custody" within the meaning of either Section 2241 or 2254. This Court granted a certificate of

44    appealability on the issue whether Triestman met the "in custody" requirement of either statute.

45    We assume the parties' familiarity with the underlying facts, the procedural history of the case,

46    and the issues on appeal.

47    This Court reviews de novo the dismissal of a habeas petition on the ground that the

48    petitioner is not "in custody" and is thus ineligible for habeas relief. *Vega v. Schneiderman*, 861

49    F.3d 72, 74 (2d Cir. 2017); *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016). The "in

50    custody" requirement "is designed to preserve the writ of habeas corpus as a remedy for severe

51    restraints on individual liberty." *Hensley v. Municipal Ct., San Jose Milpitas Jud. Dist.*, 411 U.S.

52    345, 351 (1973). An individual may be "in custody" if she is "subject to restraints 'not shared by

53    the public generally.'" *Id.* (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). For

54    purposes of the "in custody" inquiry, we analyze the severity of a restraint by looking to the

55   "nature, rather than the duration, of the restraint." *Nowakowski*, 835 F.3d at 216.

56   Recently, in *Vega*, this Court considered whether a habeas petitioner was "in custody" as

57   a result of an order of protection. 861 F.3d at 73. There, the habeas petitioner was required to

58   abide by a two-year order of protection, which mandated that she stay away from a particular

59   individual, as well as the individual's home, school, business, and place of employment. *Id.* We

60   held that the order of protection was not so restrictive as to place the petitioner "in custody" for

61   habeas purposes. We observed that the petitioner's sentence did not require her physical presence

62   at any particular time or location, or otherwise affirmatively require her to do anything. *Id.* at 75.

63   The only restraint on her freedom "was that she stay away from [the individual]," which we held

64   to be a "narrow and pinpointed restriction [that was] neither severe nor significant." *Id.* We also

65   noted that the petitioner could "go anywhere at any time and do anything she want[ed] as long as

66   she avoid[ed] an intentional confrontation" with the individual, and that such a restriction was

67   "modest, not severe." *Id.* We rejected the argument that an inadvertent encounter with the

68   individual would violate the order, observing that N.Y. Penal Law § 215.50 requires the state to

69   establish "intentional disobedience" of an order. *Id.* at 76.

70   So too here. Indeed, in deciding *Vega*, we cited with approval the district court's decision

71   in this case, which is the basis of the instant appeal. *Id.* at 75 (discussing *Triestman v.*

72   *Schneiderman*, 1:16-cv-01079 (LEK/DEP), 2016 WL 6106467 at *3 (N.D.N.Y. Oct. 19, 2016)).

73   Reviewing the matter now, we agree that the district court correctly concluded that Triestman is

74   not properly considered to be "in custody" as a result of the order of protection. The order does

75   not require his presence at any particular time or location. Nor is there any other meaningful

76   basis to distinguish our holding in *Vega*. Accordingly, we reject Triestman's argument that the

requirement that he stay away from his daughter except for therapeutic visitations renders him "in custody" within the meaning of the habeas statutes.

We have considered the remainder of Triestman's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*/s/ Catherine O'Hagan Wolfe*

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*/s/ Catherine O'Hagan Wolfe*